United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REYNALDO MUNIZ MOSQUEDA,    §
    §
    Petitioner,    §
    §
VS.    §    CIVIL ACTION NO. 4:26-CV-01841
    §
TODD M LYONS, *et al.*,    §
    §
    Respondents.    §

## ORDER OF DISMISSAL

The petitioner, Reynaldo Muniz Mosqueda, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The pleadings reflect that Petitioner is a noncitizen who entered the United States without inspection in 2008, remained in the United States without being admitted legally,

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

was apprehended in December 2025 in a targeted raid, and is being held without bond under 8 U.S.C. § 1225(b) as an applicant for admission. *See* Doc. No. 1 at 4. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond in removal proceedings prior to a final order of removal, and that he has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Petitioner's claims under the Administrative Procedure Act ("APA") and Fourth Amendment are also unavailing. The APA claim fails because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704. The Fourth Amendment claim, which is premised on a lack of authority to arrest and detain under section 1226(a) and its related regulations, fails because, as explained above, the pleadings reflect that Petitioner entered without inspection and, therefore, is an "applicant for admission" subject to section 1225, not 1226. *See Buenrostro-Mendez v. Bondi*, 166 F.4th at 507-08; *see also Vargas*

*Ordonez v. Frink, et al.*, Civ. A. No. 4:25-cv-6386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026) (holding that petitioner's Fourth Amendment claim was foreclosed because it "relies on assertion of the Government's lack of authority to detain him under § 1225").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____25th_____ day of March 2026.

_____

ANDREW S. HANEN

UNITED STATES DISTRICT JUDGE